IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK BERNARD INGRAM | § | |
| (TDCJ No. 1669001), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:20-cv-780-N-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On April 23, 2020, the undersigned United States magistrate judge, to whom this case has been referred for pretrial management under 28 U.S.C. § 636(b), recommended that the Court construe this action as seeking habeas relief and, under Rule 4 of the Rules Governing Section 2254 Cases, dismiss the construed application for a writ of habeas corpus without prejudice to Petitioner Patrick Bernard Ingram's right to fully and properly exhaust state court remedies. *See* Dkt. No. 4.

Ingram has now filed a Motion to Stay the Proceedings and Reply to the U.S. Magistrate's Findings [Dkt. No. 6], in which he states he agrees with the undersigned's recommendation but requests that the Court stay, rather than dismiss, this proceeding.

As to Ingram's request for a stay

[t]he United States Supreme Court has suggested that a petitioner is entitled to file a "protective" petition in federal court and request stay and abeyance notwithstanding his failure to fully exhaust state

remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). However, such a motion is only appropriate in limited circumstances. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). Specifically, to be entitled to a *Rhines* stay, the petitioner must show: (1) good cause for his failure to exhaust his claims, (2) his unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See id.* Good cause for failing to exhaust state avenues of relief is a balance of the interests served by the exhaustion requirement and finality with the clear instruction to litigants to ensure each federal claim has been taken to state court first. *See Rhines*, 544 U.S. at 276-77 (citing *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). The Supreme Court has not articulated a specific test for good cause to justify stay and abatement. *See Pace*, 544 U.S. at 416. It has found that "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under *Rhines*. *Id.* at 416-17. Courts have also found good cause to stay and abate a mixed petition based on ineffective assistance of post-conviction counsel, the prosecution's wrongful withholding of evidence, or other external objective factors not fairly attributable to the petitioner. *See Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (canvassing reasons federal courts have found good cause to stay and abate).

*McCoy v. Louisiana*, No. 6:19-CV-00061, 2019 WL 1601722, at *1 (W.D. La. Apr. 15, 2019) (citation modified); *see also Slater v. Davis*, 717 F. App'x 432, 439 (5th Cir. 2018) ("Permission to return to state court is a safety valve for unexhausted claims and, as such, is limited to situations where the district court finds 'that there was good cause for the failure to exhaust the claim; that the claim is not plainly meritless; and there is no indication that the failure was for the purposes of delay.' Further, the petitioner must show that he has remedies under state law." (quoting *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010); citing *Rhines*, 544 U.S. at 277-78)).

The "good cause" envisioned in the first factor is an equitable inquiry, not merely a good excuse. *See Ruiz v. Quarterman*, 504 F.3d 523, 529 n.17 (5th Cir. 2007) ("Here the district court determined that Ruiz had both a compelling claim and a good excuse for his failure to exhaust. The court did not find a 'good excuse' in the technical

sense, of course, and this cannot be how the phrase was intended by the Supreme Court, for with such 'good cause' a district court could simply excuse the failure to exhaust on the spot. The Supreme Court rather intended the district court find 'good cause' in the equitable sense."); *Arnaud v. Vannoy*, Civ. A. No. 17-37-JWD-RLB, 2019 WL 5580981, at *2 (M.D. La. Oct. 2, 2019) ("Neither the [Supreme Court] nor the [Fifth Circuit] has clearly articulated the standard that should be applied in determining whether good cause exists in this context. 'However, good cause clearly requires more than merely a good excuse, because the Supreme Court did not intend to grant unbridled discretion to stay and abate.'" (citations omitted)), *rec. adopted*, 2019 WL 5580228 (M.D. La. Oct. 29, 2019).

> [And t]he second and third *Rhines* factors limit stays for potentially meritorious claims and to petitioners who do not intentionally delay litigation. *See Rhines*, 544 U.S. at 278. These factors help ensure that a stay is granted only in situations where the prisoner's interest in obtaining federal review of his claims outweigh the concerns of the AEDPA. Thus, this Court follows the Ninth and Tenths circuits by adopting a standard that reasonably balances a prisoner's interest in federal review of his claims with the policies behind the AEDPA. Petitioners show good cause when they provide a reasonable excuse external to their efforts to comply with the statute of limitations and one that cannot be rationally placed onto them. Further, the excuse must be supported by a showing of merit.

*Lopez v. Stephens*, Civ. A. No. B-15-144, 2016 WL 4126014, at *4 (S.D. Tex. Apr. 25, 2016) (discussing *Blake v. Baker*, 745 F.3d 977, 981-84 (9th Cir. 2014); *Doe*, 762 F.3d at 1181-82), *rec. adopted*, 2016 WL 4131861 (S.D. Tex. Aug. 2, 2016).

Before applying the *Rhines* factors, the Court should observe that "[i]t is unclear whether a stay under *Rhines* may be granted in 'non-mixed' petitions" – that is, petitions, like Ingram's, "in which all claims within the habeas petition are wholly

- 3 -

exhausted or unexhausted." *Lopez*, 2016 WL 4126014, at *3 (citing *Green v. Thaler*, 699 F.3d 404, 420 (5th Cir. 2012); citation omitted). But, assuming that a *Rhines* stay could apply to "non-mixed" petitions generally, granting such a stay is not appropriate here. Ingram has not met his burden under *Rhines*. Even if the Court assumes that he has not engaged in intentionally dilatory litigation tactics, Ingram shows neither good cause for his failure to exhaust in state court nor that the current claims are not plainly meritless.

### Recommendation

The Court should deny Petitioner Patrick Bernard Ingram's request to stay and abate this proceeding [Dkt. No. 6] and dismiss his 28 U.S.C. § 2254 habeas application under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to his right to fully exhaust his state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 7, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE