IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK BERNARD INGRAM, TDCJ No. 1669001, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:20-cv-780-N-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER DIRECTING
CLERK TO OPEN NEW HABEAS ACTION**

On April 23, 2020, the undersigned United States magistrate judge, to whom this case has been referred for pretrial management under 28 U.S.C. § 636(b), recommended that the Court construe this action as seeking habeas relief and dismiss the construed application for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Petitioner Patrick Bernard Ingram's right to fully and properly exhaust state court remedies. *See* Dkt. No. 4.

Ingram then filed a Motion to Stay the Proceedings and Reply to the U.S. Magistrate's Findings [Dkt. No. 6], in which he stated that he agreed with the undersigned's recommendation but requested that the Court stay, rather than dismiss, this proceeding. The undersigned recommended that the Court deny the request to stay and abate this proceeding and again recommended that the Court dismiss this action without prejudice for Ingram's failure to exhaust, and, over Ingram's objections, the Court accepted this recommendation, denied the motion to stay and abate, and dismissed Ingram's action without prejudice. *See Ingram v.*

*Davis*, No. 3:20-cv-780-N-BN, 2020 WL 3038583 (N.D. Tex. May 7, 2020), *rec. accepted*, 2020 WL 3036615 (N.D. Tex. June 5, 2020).

After entry of judgment dismissing this case, Ingram moved for an injunction, asserting that he has exhausted his state court remedies. *See* Dkt. No. 12. This case, although now closed, remains referred to the undersigned under the Court's standing order of reference.

**Applicable Background**

"At trial, a jury convicted Ingram of two counts of indecency with a child based on Ingram exposing himself to two children, but during Ingram's state habeas proceedings, the Texas Court of Criminal Appeals ["CCA"] vacated one of the counts as a violation of the Double Jeopardy Clause." *Ingram v. Davis*, No. 16-11388, 2017 WL 6506585, at *1 (5th Cir. June 5, 2017). This Court then denied his initial Section 2254 application, challenging the remaining state conviction. *See Ingram v. Davis*, No. 3:14-cv-1748-N-BH, 2016 WL 4597511 (N.D. Tex. Aug. 5, 2016), *rec. accepted*, 2016 WL 4593514 (N.D. Tex. Sept. 2, 2016), *C.O.A. denied*, 2017 WL 6506585 (5th Cir. June 5, 2017).

Ingram initiated this action through a Motion Asking the Federal Court to Exercise Jurisdiction Ordering Special Condition Parole [Dkt. No. 3], which the Clerk interpreted as a complaint requesting relief under 42 U.S.C. § 1983.

But, as set out above, the Court construed the filing as seeking habeas relief, after explaining that,

> [i]n his construed complaint, Ingram asserts that he "will be eligible for parole in less [than] 12 months" and that to deny him immediate parole

in light of the COVID-19 pandemic "is cruel and unusual punishment" – in effect, his remaining "12 months" in State custody, he asserts, "could be a death sentence." Dkt. No. 3 at 3.

Although Ingram cites the conditions of his confinement in his filing, his conclusory assertions regarding those conditions are the basis for the request that this Court order that he be released to parole.

> Typically, habeas is used to challenge the fact or duration of confinement, and 42 U.S.C. § 1983 is used to challenge conditions of confinement. However, "[t]he line between claims which must initially be pressed by writ of habeas corpus and those cognizable under § 1983 is a blurry one."
>
> …
>
> Both 28 U.S.C. § 2254 and 42 U.S.C. § 1983 offer relief to those improperly confined by the government. Which statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983.

*Poree v. Collins*, 866 F.3d 235, 242-43 (5th Cir. 2017) (footnotes omitted).

The Texas Department of Criminal Justice's ("TDCJ") response to the COVID-19 pandemic [was at least then] the subject of ongoing system-wide litigation. *See, e.g., Valentine v. Collier*, 956 F.3d 797, 799 (5th Cir. 2020) (per curiam) (staying injunction entered by a district court in the Southern District of Texas pending appeal, where the district court "issued a reticulated preliminary injunction against the executive director of the Texas prison system and the warden of one of its prisons," "regulat[ing] in minute detail the cleaning intervals for common areas, the types of bleach-based disinfectants the prison must use, the alcohol content of hand sanitizer that inmates must receive, mask requirements for inmates, and inmates' access to tissues (amongst many other things)").

And, across the nation, prisoners and detainees' requests for relief based on conditions-of-confinement that they assert do not adequately protect them against the virus have further blurred the line between habeas and civil rights relief. *See, e.g., Barrera v. Wolf*, No. 4:20-CV-1241, 2020 WL 1904497, at *3 (S.D. Tex. Apr. 17, 2020). But "[t]he Court need not decide today whether conditions-of-confinement cases that do not challenge the 'fact or duration' of [confinement] properly sound in habeas." *Id.* at *4. Because Ingram "seeks immediate release" to parole, appearing to argue that "there are no conditions of confinement that are sufficient to prevent irreparable constitutional injury given" TDCJ's response to COVID-19, his claim falls "squarely in the realm of habeas

> corpus." *Id.*
>> Where an individual is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release," the proper remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Poree*, 866 F.3d at 243 ("Which statutory vehicle to use depends on the nature of the claim and the type of relief requested...."); *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). Indeed, the [United State Court of Appeals for the] Fifth Circuit has granted habeas relief where the petitioner was seeking immediate release from prison, even where the dissent was arguing the case was one involving conditions of confinement. *Coleman v. Dretke*, 409 F.3d 665, 669-70 (5th Cir. 2005) ….
>
> *Id.* (citation omitted).

Dkt. No. 4 at 1-3 (citation modified).

## Legal Standards and Analysis

At least one recent decision from this district confirms that Ingram's challenge to parole conditions sounds in habeas as opposed to civil rights, to the extent that he appears to contend that his challenge will accelerate his release from custody. *See Umarbaev v. Moore*, No. 3:20-cv-1279-B, 2020 WL 3051448, at *4 (N.D. Tex., Jun. 6, 2020) ("[T]he 'simple, bright-line rule' adopted by the Fifth Circuit – that habeas is the proper vehicle where a favorable determination would result in accelerated release – is limited to a petitioner challenging a condition or procedure 'that affects the timing of his release from custody.'" (quoting *Carson*, 112 F.3d at 820-21)); *see also Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998) ("We have explained that although a § 1983 suit can be used to challenge unconstitutional parole procedures, when a prisoner challenges the result of a specific defective parole hearing or the board's rules and procedures that affect his release, and resolution would

automatically entitle him to accelerated release, then the challenge must be pursued in a habeas corpus proceeding." (citing *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *In re Cain*, 137 F.3d 234 (5th Cir. 1998))).

After Ingram filed this action, the State responded to his related state application for a writ of habeas corpus, asserting that the application should be dismissed as a subsequent writ and, alternatively, that Ingram's sentence is not cruel and unusual. *See Ex parte Ingram*, Tr. Ct. No. W09-52629-M(E) (194th Jud. Dist. Ct., Dallas Cnty., Tex.) (filed May 5, 2020). And, after this Court entered judgment, dismissing this action without prejudice, the CCA denied Ingram's state habeas application without written order. *See Ex parte Ingram*, WR-79,416-10 (Tex. Crim. App. July 15, 2020).

Considering these developments, Ingram's post-judgment motion for injunction [Dkt. No. 12] is properly construed as a now-exhausted Section 2254 habeas application.

And the parole-based claims in this construed application are not subject to the "statutory requirements for filing a successive petition." *In re Will*, ___ F.3d ____, Nos. 17-20604 & 17-70022, 2020 WL 4500074, at *2 (5th Cir. Aug. 5, 2020) (per curiam).

> 28 U.S.C. § 2244
> 
> lays out the requirements for filing successive petitions, serving as gatekeeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...

> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

In sum, Ingram's habeas application asserting claims regarding parole procedures, although it follows an earlier application, is not successive, because Ingram does not now allege defects (in his underlying conviction or otherwise) that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to him when he filed his initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222; *see, e.g., In re Trotter*, 544 F. App'x 392, 393 (5th Cir. 2013) (per curiam) ("Trotter's challenge to the denial of parole and to defects in the parole proceedings does not constitute a challenge to the underlying murder conviction and was not available at the time he filed his first § 2254 application in 2005. As a result, such assertions are not successive, and he does not need authorization to file a § 2254 application raising such claims.").

## Conclusion

Because this Court possesses subject matter jurisdiction over the construed habeas application containing now-exhausted claims, the Court DIRECTS the Clerk of Court to OPEN a new Section 2254 case (nature of suit 530) directly assigned, per

Special Order 3-250, to Judge Godbey and referred to the undersigned for pretrial management. This order shall be docketed in the new case. And the Clerk shall docket Dkt. No. 12 in this action as the petition in the new case and then TERMINATE Dkt. No. 12 in this action based on this order.

    SO ORDERED.

    DATED: August 26, 2020

                                      DAVID L. HORAN
                                      UNITED STATES MAGISTRATE JUDGE